IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CORBIN D. JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17−cv−00719−JPG |
| vs. | ) | |
| | ) | |
| C. GREENWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was housed at the Jefferson County Justice Center. Plaintiff's legal status during the relevant time period is unclear. The Complaint includes several disjointed allegations regarding a number of possible constitutional violations committed by various individuals. The only allegation involving C. Greenwood (a Mt. Vernon Police Officer and the only named defendant in this matter) is a claim pertaining to the alleged destruction of exculpatory evidence.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Complaint must also comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a pleading to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court in *Twombly* clarified that the Rule 8 standard does not require "detailed factual allegations," but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *See also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. at 555).

## The Complaint

Plaintiff contends that on February 14, 2017, Greenwood "acted in bad faith to destroy potentially exculpatory evidence the drug paraphernalia." (Doc. 1, p. 5). On the following page, Plaintiff recites various legal phrases and constitutional rights. (Doc. 1, p. 6) (e.g., "procedural due process rights & substantive due process rights," "qualified immunity and absolute prosecutorial," "motion to dismiss on qualified immunity grounds the destruction of evidence rises to the level of a due process violation," "destroying exculpatory evidence, "). Plaintiff also

2

inserts a case number (Case # 17-cf-69) on the bottom of this page.[1] This case number appears to reference a criminal action that was filed against Plaintiff in Jefferson County, charging Plaintiff with possession of Meth (less than 5 grams). The electronic docket for this action indicates that charges were filed in February 2017 and that, on August 23, 2017, the action was dismissed "nolle prosequi."

The rest of the Complaint includes summaries of case law pertaining to the destruction of evidence and recitations regarding various constitutional rights. (Doc. 1, pp. 8-16). In the middle of these summaries and recitations are two additional assertions that Greenwood destroyed exculpatory evidence and interfered with Plaintiff's right to a fair trial. (Doc. 1, p. 10). The Complaint also includes randomly placed allegations directed at individuals not identified as defendants in the instant action. (e.g., Doc. 1, p. 10, allegations directed at defense counsel; Doc. 1, p. 12, allegations directed at an officer pertaining to search of a residence and interrogating Plaintiff).

## Discussion

Based on the allegations of the Complaint and Plaintiff's articulation of his claims, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

    **Count 1** -    On February 14, 2017, Greenwood destroyed evidence in violation of Plaintiff's Fourteenth Amendment right to a fair trial.

---

[1] Case No. 17-cf-69 is one of several cases associated with Plaintiff in Jefferson County Circuit Court.

The bad-faith destruction or loss of exculpatory evidence violates a suspect's right to a fair trial. *Armstrong v. Daily,* 786 F.3d 529, 532 (7th Cir. 2015). Generally, if all criminal charges are dismissed prior to trial, the right to a fair trial is not implicated. *See Morgan v. Gertz,* 166 F.3d 1307, 1310 (10th Cir. 1999) (When all charges are dismissed prior to trial, "courts have held universally that the right to a fair trial is not implicated and, therefore, no cause of action exists under § 1983" for withholding or destruction of evidence.) That being said, the Seventh Circuit has indicated that a pretrial deprivation of liberty resulting from the bad-faith destruction of evidence may state a viable claim under § 1983. *Armstrong v. Daily,* 786 F.3d 529, 554-55 (7th Cir. 2015).

In the instant case, Plaintiff has alleged that Greenwood destroyed exculpatory evidence. However, the Complaint does not allege a pretrial or post-trial deprivation of liberty resulting from the alleged destruction.[2] Absent such an allegation, the Complaint fails to state a claim upon which relief can be granted. Moreover, the bare-bones and conclusory allegations scattered throughout the Complaint fail to provide the type of notice contemplated under Rule 8.

Accordingly, the Complaint shall be dismissed without prejudice for failure to state a claim upon which relief can be granted and for failure to comply with rule 8. Plaintiff, however, will be granted leave to file an amended pleading as set forth below.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted and for failure to comply with Rule 8**.**

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **November 15, 2017**. Should Plaintiff fail to file his First Amended Complaint within the allotted

---

[2] Although not entirely clear, a post-trial deprivation of liberty does not seem to be in issue. As noted above, the case number referenced in the Complaint relates to a 2017 case in Jefferson County Circuit Court. That case was dismissed prior to trial.

4

time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e*. 17-cv-719-JPG).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 17, 2017**

<u>*s/J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**United States District Judge**